**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2886-17T3

ESTATE OF GEETA KOLLORY,
and PETER S. KOLLORY,
Individually and as Administrator
and Administrator Ad Prosequendum,

      Plaintiffs-Appellants,

v.

ROBERT WOOD JOHNSON
UNIVERSITY HOSPITAL, a
private hospital, DR. ALPESH
B. PATEL, MA ANA F. ABARCA,
R.N., AUGUSTO CESPEDES, R.N.
and DAISY MENOSA, R.N.,

      Defendants-Respondents,

and

ANDY KIM, LAROBIS COREZON, R.N.,
RESIDENT DR. DAN, DR. SATYA
BHARATH, and DR. ANDREW SCHIFF,

      Defendants.

_____

Submitted February 25, 2019 – Decided May 22, 2019

Before Judges Messano, Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2804-16.

Peter S. Kollory, appellant pro se and attorney for Estate of Geeta Kollory.

Rosenberg Jacobs Heller & Fleming, PC, attorneys for respondents Robert Wood Johnson University Hospital, Ma Ana F. Abarca, R.N., Augusto Cespedes, R.N, and Daisy Menosa, R.N. (Raymond J. Fleming, of counsel; Christopher Klabonski, on the brief).

Lenox Law Firm, attorneys for respondent Dr. Alpesh Patel (Joseph R. Lang, of counsel; Christina M. Matteo, on the brief).

PER CURIAM

Individually, and as administrator for the estate of his late wife Geeta, plaintiff Peter S. Kollory filed a complaint for medical malpractice against defendants Dr. Alpesh B. Patel, and the Robert Wood Johnson University Hospital and its registered nurse employees, Ma Ana F. Abarca, Augusto Cespedes,[1] and Daisy Menosa (collectively, RWJ defendants). Mrs. Kollory died during a cardiac procedure performed by Dr. Patel. An autopsy was

---

[1] Defendant Cespedes was improperly pled as A. Cespecles, and some orders entered in the litigation incorrectly name Cespedes.

A-2886-17T3

performed at the request of plaintiff, which revealed the cause of death was "chronic ischemic heart disease secondary to severe coronary artery disease."

Dr. Patel and the RWJ defendants filed answers on June 29 and July 27, 2017, respectively. The court conducted a Ferreira[2] conference on October 11, 2017. Plaintiff had not served an affidavit of merit (AOM) at that point, so the judge extended the deadline until October 27, 2017 for Dr. Patel, and November 4, 2017, for the RWJ defendants. Apparently on plaintiff's motion, and recognizing the date did not provide plaintiff with the requisite time under the Affidavit of Merit Statute (AMS), N.J.S.A. 2A:53A-26 to -29, the court extended the time to November 27 for the RWJ defendants. Plaintiff failed to file any AOM within these timeframes.

Defendants moved to dismiss the complaint with prejudice. In response, plaintiff filed a cross-motion.[3] Plaintiff certified that defendants were late in

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003). In Ferreira, the Court mandated that a "'case management conference be held within ninety days of the service of an answer' at which the professional defendant would raise 'any objections to the adequacy of the affidavit' served by the plaintiff . . . [if] deficient, then the plaintiff would 'have to the end of the 120-day time period to conform the affidavit to the statutory requirements.'" Buck v. Henry, 207 N.J. 377, 382 (2011) (quoting Ferreira, 178 N.J. at 154-55).

[3] In the interim, plaintiff was permitted to amend the complaint to add other parties as defendants. It is unclear from the record whether they were ever served.

responding to his discovery requests, and, while he had consulted several experts, none was willing to testify. In addition, plaintiff attached two purported AOMs, an affidavit from Dr. Gregory Baird, a hospitalist who practiced family medicine in Utah, and an affidavit from a registered nurse, Joahnna D. Evans Budge, who was licensed to practice in California and Utah. Plaintiff claimed that despite their untimeliness, these demonstrated his substantial compliance with the AMS, and that the complaint was meritorious. Plaintiff also furnished his own affidavit, citing several medical journals and articles, which he claimed demonstrated defendants' deviations from the standard of care. Lastly, plaintiff argued that certain causes of action in the complaint, such as Dr. Patel's alleged failure to secure informed consent, were not subject to the AMS, and he could prove these causes of action by application of the doctrine of res ipsa loquitur or common knowledge.

After several adjournments, the Law Division judge heard argument, denied plaintiff's cross-motion, granted defendants' motions, and dismissed the complaint with prejudice. He reasoned that the surgery was complex and not subject to the common knowledge of jurors. He also found the two affidavits plaintiff furnished were inadequate. The judge said Dr. Baird's affidavit was deficient because he did not practice in the same specialty as Dr. Patel, who was

a board certified cardiologist. The judge also reasoned that Nurse Budge's affidavit was also deficient, because it failed to name the individual nurses, nor did it state in any detail what the "nurses did or didn't do." Finally, the judge concluded that plaintiff was in possession of all the necessary records by September 2, 2017, and yet he failed to procure sufficient AOMs before the deadline.

The judge entered two orders dismissing plaintiff's complaint with prejudice as to Dr. Patel and the RWJ defendants. This appeal followed.

Plaintiff reiterates the arguments made in the Law Division. We affirm substantially for the reasons expressed by the motion judge. We add only the following.

"In the early stages of a medical malpractice action, a plaintiff must provide an affidavit from an equivalently credentialed physician attesting 'that there exists a reasonable probability that the' defendant physician's treatment 'fell outside acceptable professional' standards." Buck, 207 N.J. at 382 (quoting N.J.S.A. 2A:53A-27). "Under the [AMS], the failure to file an appropriate affidavit within the statutory time limits may result in dismissal of even meritorious cases." Ibid. (citation omitted).

N.J.S.A. 2A:53A-28 provides a relaxation of the strict time limits if, prior to the deadline "plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; . . . ." This sworn statement should be presented at the Ferreira conference, which was purposely created to "remind the parties of the sanctions that will be imposed if they do not fulfill their obligations." 178 N.J. at 147. Additionally, the requirement can be waived equitably if the plaintiff can demonstrate "extraordinary circumstances and substantial compliance." Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 422 (2010). When those circumstances are shown, the dismissal without prejudice is appropriate. Id. at 422-23.

Under the circumstances of this case, plaintiff did not qualify for relief. In a certification filed in anticipation of the October 11, 2017 Ferreira conference, plaintiff acknowledged that he possessed what he viewed as the critical "cardiac cath procedure dis[c]s" as of September 2. He never argued at the time that necessary discovery was still outstanding.

Nor did the two affidavits plaintiff furnished meet the statutory requirements. Nurse Budge's affidavit failed to name any specific defendant,

6

nor did it describe any negligent act with specificity. See Fink v. Thompson, 167 N.J. 551, 559-60 (2001). With rare exception, only a similarly qualified specialist may file an AOM against a board-certified medical specialist like Dr. Patel. Nicholas v. Mynster, 213 N.J. 463, 486 (2013) ("The apparent objective of N.J.S.A. 2A:53A-41 is to ensure that, when a defendant physician is subject to a medical-malpractice action for treating a patient's condition falling within his . . . specialty, a challenging plaintiff's expert, who is expounding on the standard of care, must practice in the same specialty.").[4]

"[W]hen a defendant's negligence is so apparent that expert testimony will not be needed at trial, the purpose of the [AMS] statute . . . would not be furthered by requiring an affidavit of merit." Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 392 (2001). This exception is narrow, and the examples are obvious. See id. at 396-97 (holding the exception applied when a dentist pulled the wrong tooth).

---

[4] N.J.S.A. 2A:53A-41 is part of the New Jersey Medical Care Access and Responsibility and Patients First Act. The provisions of that statute apply to AOMs required in medical malpractice actions. See N.J.S.A. 2A:53A-27 ("In the case of an action for medical malpractice, the person executing the [AOM] shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in . . . [N.J.S.A.] 2A:53A-41.")

A-2886-17T3

Here, the procedure itself was complicated and beyond the ken of the average juror. Plaintiff concedes that the alleged negligent conduct that supports the "common knowledge" exception — Dr. Patel was on his phone during the event — was necessitated by the doctor's need to discuss complications he encountered during the procedure with another physician. Moreover, expert testimony would still be required to prove that the making of such a phone call was a deviation from accepted medical standards. Nor could plaintiff overcome the need to file an AOM by application of res ipsa loquitur. See Risko v. Ciocca, 356 N.J. Super. 406, 411 (App. Div. 2003) ("[W]e are satisfied that an affidavit of merit is required in a res ipsa case, unless the 'common knowledge' doctrine is also applicable.").

Lastly, plaintiff claims that some of the causes of action alleged in the complaint survive his failure to serve a timely, adequate AOM. The argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). It suffices to say that plaintiff never raised the point in the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Moreover, his claims for assault and battery, lack of informed consent and "abandonment" required expert proofs because they were inextricably tied to the medical procedure and defendants' alleged deviation from appropriate standards of care. See, e.g.,

<u>Risko</u>, 356 N.J. Super. at 412 n.1 (noting allegation of "lack of informed consent" requires an AOM) (citing <u>Darwin v. Gooberman</u>, 339 N.J. Super. 467, 480-81 (App. Div. 2001), <u>abrogated in part by</u> <u>Couri v. Gardner</u>, 173 N.J. 328 (2002)); <u>see also</u> <u>Couri</u>, 173 N.J. at 340 ("[W]hen presented with a tort or contract claim asserted against a professional specified in the [AMS], . . . courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2886-17T3